**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Saida Hasanova, | Civil No.: 13cv134 (JNE/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. Joseph Tashjian, | |
| Defendant. | |

This matter is before the undersigned on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that the IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue a single Defendant identified as Dr. Joseph Tashjian. Plaintiff's complaint alleges that Defendant Tashjian is a physician employed at Regions Hospital in St. Paul, Minnesota. Plaintiff is a former employee of Regions.

Plaintiff alleges that in March 2011, Defendant obtained a state court restraining order against her, based on allegations that she was stalking Defendant. (Complaint, [Docket No. 1], pp. 3-4, ¶ 7.) In September 2012, Plaintiff was convicted on two counts of "harassment," for violating the restraining order restrictions. (Id., p. 4, ¶ 9.)

Plaintiff alleges that when the restraining order was issued, or when she was convicted for violating the restraining order, (or perhaps on both occasions), local newspapers in Minneapolis and St. Paul published stories describing how she allegedly stalked Defendant. (Id., ¶ 8.) Now,

1

Plaintiff claims that all of Defendant's allegations that precipitated the restraining order are "incorrect." (Id.) and further claims that Defendant harmed her reputation.

In the final paragraph of the "Statement of Claim" section of the complaint, Plaintiff alleges:

> Dr. Tashjian's action against me is unconstitutional. It's against the citizen rights in the USA. I can't find a job because he ruined my career. All my ex-managers don't want to talk with me. He harmed by reputation in Minnesota.

(Id.)

Plaintiff contends that federal subject matter jurisdiction exists under 28 U.S.C. § 1331, because her claim is based on the "US Declaration of Independence. Bill of Rights. The Right of Life, Liberty, and the pursuit of happiness." (Complaint, p. 3, ¶s 3-4.) Plaintiff's "Request for Relief" includes the following: "Dr. Tashjian must restore my reputation maybe [by] marriage or other way to change opinion of the people about me." (Complaint, p. 5.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

A liberal construction of Plaintiff's complaint yields the conclusion that she is suing Defendant Tashjian for allegedly violating her federal constitutional rights. An individual can attempt to enforce his or her constitutional rights, or recover damages for violations of his or her constitutional rights, by bringing an action under 42 U.S.C. § 1983. *See Moore v. City of Desloge, Mo.*, 647 F.3d 841, 846 (8th Cir. 2011) (§ 1983 "authorizes a private right of action against those who, under color of law, deprive a citizen of 'any rights, privileges, or immunities secured by the

Constitution and laws'"). To state an actionable § 1983 claim, a plaintiff must allege a set of facts showing that the named defendant(s) violated the plaintiff's constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Nevertheless, "**[o]nly state actors can be held liable under Section 1983**." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001), *(emphasis added), cert. denied*, 535 U.S. 1017 (2002).

In this case, Plaintiff's complaint does not identify Defendant as a "state actor" and therefore she has not asserted a colorable § 1983 claim. Plaintiff's complaint identifies Defendant as a physician, and not a governmental employee. Therefore, Plaintiff cannot sue Defendant under § 1983 (or otherwise) for allegedly violating her constitutional rights.[1]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

---

[1] Plaintiff's allegation that Defendant harmed her reputation suggests that she might actually be trying to sue Defendant for defamation, or some other common law tort. (To be clear, however, the Court is **not** suggesting that Plaintiff has actually pleaded an actionable tort claim, or that she might have any colorable grounds for attempting to sue Defendant based on **any** legal theory.) If Plaintiff were actually attempting to sue Defendant for defamation or some other tort, then this case would have to be summarily dismissed for lack of subject matter jurisdiction. A common law tort claim cannot be brought in federal court, unless federal subject matter jurisdiction exists under the diversity of citizenship statute, (28 U.S.C. § 1332). Diversity jurisdiction does not exist here, because Plaintiff's complaint plainly shows that Plaintiff and Defendant reside in the same state – namely, Minnesota.

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: January 25, 2013                    *s/Steven E. Rau*
                                           Steven E. Rau
                                           U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 8, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.